UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENTRELL D. WELCH,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et. al.,<br><br>    Defendants | Case No.: 3:20-cv-00113-RCJ-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 19, 20 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed a second application to proceed in forma pauperis (IFP) (ECF No. 19) and amended complaint (ECF No. 20).

## I. BACKGROUND

Plaintiff filed an application to proceed IFP and pro se civil rights complaint on February 18, 2020. (ECF Nos. 1, 1-1.) The original complaint named as defendants the State of Nevada, Juvenile Foster Home Placement, Child Protection Services, and Jane/John Doe foster family members. Plaintiff raised concerning allegations about being physically and sexually abused by Jane and John Doe while he was a foster child in their home. The undersigned recommended dismissal of the complaint with prejudice because Plaintiff cannot sue the State or its agencies under section 1983, and because Jane and John Doe are private parties and are not considered to be acting under color of state law for purposes of section 1983. (ECF No. 4.) District Judge Jones adopted this recommendation and the action was dismissed with prejudice. (ECF No. 6.)

Plaintiff appealed. (ECF No. 8.) The Ninth Circuit did not comment on the propriety of the dismissal of the foster family members, the State or its agencies with prejudice, but vacated the dismissal with prejudice and remanded for the district court to allow Plaintiff an opportunity to file an amended complaint. (ECF No. 13.)

Plaintiff subsequently filed a second IFP application (ECF No. 19) and amended complaint (ECF No. 20).

Preliminarily, Plaintiff was already granted IFP status (*see* ECF No. 6); therefore, Plaintiff's successive IFP application (ECF No. 19) should be denied as moot. The court will now screen Plaintiff's amended complaint.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

The Amended Complaint names the following as defendants: Jane Doe foster mom, John Doe foster dad and son, John and Jane Doe employees, CPS, Juvenile Foster Home Placement, staff, agents, contracted Clark County, employees by and through the State of Nevada. (ECF No. 20 at 1.) Once again, Plaintiff alleges that he was sexually, physically and verbally abused by his foster family. His Amended Complaint includes five claims, with reference various violations of his rights, including: the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, various articles of the Nevada Constitution, various Nevada statutes, the Prison Rape Elimination Act (PREA), and the Civil Rights of Institutionalized Persons Act (CRIPA).

**1. Jane and Jane Doe Foster Family Members**

As the court advised in the report and recommendation that recommended dismissal with prejudice of the John and Jane Doe foster family members, generally, private parties are not considered as acting under color of state law and subject to suit under section 1983. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

Neither the Supreme Court nor the Ninth Circuit has held that serving as a foster parent/family transforms a private party into a state actor for purposes of section 1983. The Ninth Circuit did hold in an unpublished decision that "[m]erely serving as a foster parent does not transform a private party into a state actor." *Ismail v. County of Orange*, 693 Fed.Appx. 507, 512 (9th Cir. 2017) (citations omitted), *cert. denied*, 138 S.Ct. 1329 (Mar. 26, 2018)). Other circuits that have confronted this issue have also determined that being appointed as a foster parent/family does not make a private party a state actor. *See United States v. Peneaux*, 432 F.3d 882, 896 (8th Cir. 2005) ("[F]oster parents are generally not considered agents of the state.");

*Leshko v. Servis*, 423 F.3d 337, 347 (3d Cir. 2005) (foster parents are not state actors under section 1983); *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001) (same); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990) ("[H]arm suffered by a child at the hands of his foster parents is not harm inflicted by state agents."); *K.H. Through Murphy v. Morgan*, 914 F.2d 846, 852 (7th Cir. 1990).

  The John and Jane Doe foster family members are not state actors under section 1983. Their alleged conduct, if true, is reprehensible, but it is not actionable in federal court under section 1983. As such, the court once again recommends that the John and Jane Doe foster family members be dismissed with prejudice because they are not state actors subject to suit under section 1983.

**2. State of Nevada, Child Protective Services, Juvenile Services, Juvenile Foster Home Placement**

  As was stated in the report and recommendation that recommended dismissal of the State and its agencies in the original complaint, the State of Nevada and its agencies are not persons that may be sued under section 1983, and they may not be sued in federal court because of sovereign immunity under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); U.S. Const. amend XI. Therefore, the State of Nevada and its agencies (such as Child Protective Services, Juvenile Services, and Juvenile Foster Home Placement) should be dismissed with prejudice.[1]

---

[1] Child Protective Services is a division of the Nevada Department of Health and Human Services. *See* https://dcfs.nv.gov/Programs/CWS/CPS/CPS/. The State of Nevada's Child and Family Services also provides juvenile services. *See* https://dcfs.nv.gov/Programs/JJS/, last visited August 9, 2021.

### 3. Clark County

Plaintiff names Clark County. He also references Juvenile Services and Juvenile Foster Home Placement, but it is unclear whether he is referring to the State or county agencies. The State juvenile services agency is discussed above. Clark County also has a Department of Family Services, which operates as the local child welfare agency, and a juvenile justice services department. (*See* https://www.clarkcountynv.gov/residents/family_services/index.php, https://www.clarkcountynv.gov/government/departments/juvenile_justice_services/index.php, last visited August 9, 2021).

Under Nevada law, "in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 112 Nev. 232, 237-38, 912 P.2d 816, 819 (Nev. 1996). To the extent Plaintiff seeks to sue agencies of the county, Clark County is the proper defendant, and not its agencies.

Municipalities can be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). A municipality may *not* be sued under a theory of *respondeat superior*—the doctrine that holds an employer liable for its employee's wrongful acts that are committed within the scope of employment. *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). Instead, "[a] plaintiff must [ ] show 'deliberate action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id*. (quoting *Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)).

The plaintiff asserting liability on behalf of a municipality under *Monell* must allege and prove: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,*

--- F.4th ---, 2021 WL 3137954, at *9 (9th Cir. 2021) (internal quotation marks and citation omitted).

"A governmental policy is 'a deliberate choice to follow a course of action … by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Id*. (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "First, a local government may be held liable when it acts 'pursuant to an expressly adopted official policy.'" *Id*. (quoting *Thomas v. County of Riverside,* 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam)). "Second, a public entity may be held liable for a 'longstanding practice or custom.'" *Id*. (quoting *Thomas*, 763 F.3d at 1170)). "Such circumstances may arise when, for instance, the public entity 'fail[s] to implement procedural safeguards to prevent constitutional violations,' or sometimes, 'when it fails to train its employees adequately." *Id*. (citing *Tsao v. Desert Palace, Inc.*, 689 F.3d 1128, 1143 (9th Cir. 2012); *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014)). "Third, 'a local government may be held liable under [Section] 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id*. (quoting *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), internal quotation marks omitted).

"An unconstitutional policy need not be formal or written to create municipal liability under Section 1983; however, it must be 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Id*. (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "'Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and

consistency that the conduct has become a traditional method of carrying out a policy.'" *Id*. (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff does not allege that there was an express official policy to allow sexual and physical abuse to occur in foster homes, or that there was an official policy that proper home checks should not be conducted.

Nor does Plaintiff allege a longstanding practice or custom of allowing such abuse to occur. He vaguely states that he has a belief that such abuse may have occurred in this foster home previously, but provides no factual allegations that such abuse did occur. Moreover, Plaintiff includes only conclusory allegations of a failure to implement adequate procedural safeguards and a failure to train. Bare bones allegations of municipal liability are insufficient. *Sandoval v. Las Vegas Met. Police Dept.*, 756 F.3d 1154, 1168 (9th Cir. 2014).

Finally, Plaintiff has not included factual allegations that someone with final policy-making authority ratified an unconstitutional decision or action.

In sum, to the extent Plaintiff seeks to sue agencies of Clark County, such as its juvenile or family services departments, these defendants should be dismissed with prejudice, as Clark County itself would be the proper defendant. As to Clark County, it should be dismissed; however, Plaintiff should be given one final opportunity to amend to attempt to state a claim against Clark County.

**4. Unidentified Employees, Staff and Agents of State and County Agencies**

To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983).

Plaintiff's amended complaint names John and Jane Doe employees, staff, and agents of the state and county agencies, but does not identify those individuals. Nor does he describe what *each* of those individuals did to violate his rights. Plaintiff must include factual allegations demonstrating that *each* defendant violated a constitutional right. Therefore, these defendants should be dismissed; however, Plaintiff should be given one final opportunity to amend to attempt to state a claim against these defendants.

**5. State Claims**

Currently, the court has not recommended that any federal claims proceed; therefore, there is no basis to exercise supplemental jurisdiction over any State law claims. Moreover, Plaintiff only includes vague references to the Nevada Constitution and various Nevada statutes, but does not provide factual allegations that give rise to these State law claims. As such, the State law claims should be dismissed; however, Plaintiff should be given one final opportunity to amend in this regard. If Plaintiff chooses to file a second amended complaint, and he wishes to assert any State law claims, he must provide sufficient factual allegations to support a claim for relief under State law.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DENYING AS MOOT** Plaintiff's second IFP application (ECF No. 19);

(2) **DISMISSING WITH PREJUDICE** the Jane and John Doe foster family members;

(3) **DISMISSING WITH PREJUDICE** the State of Nevada and its agencies;

(4) **DISMISSING WITH PREJUDICE** the agencies of Clark County (to the extent the Amended Complaint can be interpreted as asserting claims against county agencies);

(5) **DISMISSING** Clark County **WITH LEAVE TO AMEND**;

(6) **DISMISSING** the unidentified employees, staff and agents of the State and County agencies **WITH LEAVE TO AMEND**;

(7) **DISMISSING** the State law claims **WITH LEAVE TO AMEND**;

(8) Plaintiff should be given one final opportunity to assert a colorable claim against a viable defendant. Plaintiff should be given **30 DAYS** from the date of any order adopting this Report and Recommendation to file a second amended complaint correcting the deficiencies noted above. The second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "SECOND AMENDED COMPLAINT." Plaintiff should be cautioned that the second amended complaint should not name any defendants that have been dismissed with prejudice. If Plaintiff fails to file a second amended complaint within the 30 days, this action may be dismissed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 10, 2021

*William G. Cobb*
William G. Cobb
United States Magistrate Judge